UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:

Davonna V Roberts

Debtor

_____/

Chapter 7

Bankruptcy Case No. 19-09267

Adversary No. 19-00877

AmeriCash Loans, L.L.C.,

    Plaintiff,

v.

Davonna V Roberts

    Defendant.

_____/

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

**A. The Parties**

1. The Plaintiffs are AmeriCash Loans, L.L.C. ("Plaintiff")
2. The Defendant is Davonna V Roberts ("Defendant")

**B. Factual Background**

1. Defendant filed a Chapter 7 Bankruptcy on March 30, 2019 ("Petition Date"), seeking a discharge of all unsecured debt including without limitation, AmeriCash Loans, L.L.C. Loan No.X673, in which the loan was listed on Debtor's Schedule E/F.
2. On July 27, 2019, Plaintiff issued a Summons and Complaint pursuant to title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") seeking an exception to discharge for the amount of $960.52.
3. That on July 29, 2019, a copy of the summons and Complaint was served in accordance with Fed. R. Bank. P. 7004 via certified mail, postage prepaid to:
   a. Davonna V Roberts, 15211 Wabash Ave, South Holland, IL 60473.
4. The summons indicated that a motion or answer was required within 30 days of issuance; to date, no responsive pleading has been filed.
5. That on September 24, 2019, a copy of the Alias summons and Complaint was served in accordance with Fed. R. Bank. P. 7004 via certified mail, postage prepaid to:
   a. Davonna V Roberts, 15211 Wabash Ave, South Holland, IL 60473.

6. That on September 24, 2019, a copy of the Alias summons and Complaint was served in accordance with Fed. R. Bank. P. 7004 via certified mail, postage prepaid to:
   a. Louis-Raymond K Gomes, The Semrad Law Firm LLC, 20 South Clark, 28th Floor, Chicago, IL 60603
7. No evidence has been presented to challenge the validity of Plaintiff's claim.
8. No evidence has been presented to show that the Defendant did not lack the intent to repay the loan.
9. Counsel for Plaintiff has again reviewed the Debtor's bankruptcy petition, statement and schedules, together with the account transaction history for purposes of this motion for default judgment. The loan was incurred 1 day prior to the filing of his Chapter 7 bankruptcy petition.
10. The Defendant did not make a single payment toward the loan.
11. On or about October 31, 2019, the Plaintiff filed a notice of Motion and motion for entry of default and notice of motion and motion for entry of default judgement after the Defendant had failed to file a timely response.

## CONCLUSIONS OF LAW

### A. Jurisdiction
1. This contested matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I)
2. This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334 (b).
3. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

### B. Argument
1. This action was initiated under 11 U.S.C. § 523(a)(2)(A).

Enter:

Dated: Nov 14, 2019

_____
United States Bankruptcy Judge

LEFKOWITZ LAW GROUP
Attorneys for Creditor/Plaintiff

**/s/ Brandon S. Lefkowitz**
Brandon S. Lefkowitz
ARDC No. 6301839
29777 Telegraph Road, Suite 2440
Southfield, MI 48034